E-FILED  2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **MARK EDWARD NIETERS,** | **Case No.** _____ |
| **Plaintiff,** | |
| **vs.** | |
| **BRANDON HOLTON; DANA WINGERT; CITY OF DES MOINES, IOWA,** | **PETITION AT LAW and JURY DEMAND** |
| **Defendants.** | |

**COMES NOW** the Plaintiff, Mark Edward Nieters, by and through the undersigned counsel, and for his causes of action, respectfully states the following:

### PARTIES

1.      Plaintiff Mark Edward Nieters is a United States citizen and was a resident Polk County, Iowa at all times relevant to the events complained of herein.

2.      Defendant Brandon Holton is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Des Moines, Iowa Police Department at all times relevant to the events complained of herein. At all times material hereto, the actions and omissions of Defendant Holton were made under the color of authority and law as a law enforcement officer for the Des Moines, Iowa Police Department. He is sued in his official and individual capacities.

3.      Defendant Dana Wingert is believed to be a citizen and resident of Iowa and was employed as the Chief of Police of the City of Des Moines Police at all times relevant to the events complained of herein. At all times material hereto, Defendant Wingert's actions and/or omissions were made under the color of authority as the Chief of Police. He is sued in his official and individual capacities.

1


DEFENDANT'S EXHIBIT

E-FILED  2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

4.      Defendant City of Des Moines, Iowa is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 400 East First Street, Des Moines, Polk County, Iowa. Defendant City is responsible for maintaining and operating the Des Moines Police Department.

## JURISDICTION AND VENUE

5.      Venue is proper in the District Court for Polk County pursuant to Iowa Code §669.4(1) as the district in which Plaintiff resides and/or in which the acts and omissions complained of occurred.

6.      Subject matter jurisdiction of the District Court for Polk County is proper pursuant to Iowa Code § 602.6101.

7.      The amount in controversy exceeds the jurisdictional amount.

## GENERAL FACTUAL ALLEGATIONS

8.      All events complained of herein occurred in Polk County, Iowa.

9.      Mr. Nieters is a freelance photographer/filmmaker from Des Moines, Iowa. He graduated from Roosevelt High School.

10.     Mr. Nieters works for various international television/print publications throughout the world covering current affairs and politics. Mr. Nieters' photography work is distributed by Polaris Images.

11.     Mr. Nieters spent years documenting conflicts in the Middle East and Africa, including a civil war in Syria, Gaza under Israeli occupation, and the Arab Spring in Egypt and Libya.

12.     On May 31, 2020, Polk County, Iowa issued a "stay at home" curfew between the hours of 9:00 p.m. and 5:00 a.m., effective immediately.

E-FILED  2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

13.     The curfew did not apply to individuals from the media who were covering the demonstrations.

14.     On June 1, 2020, Mr. Nieters was working as a photographer, covering the Black Lives Matter protests in Des Moines.

15.     That day, protesters gathered at the Iowa Capitol for an event organized by local civil rights advocates, called "Together We Can Make a Change: A Call to Action."

16.     The formal event ended around 8:15 p.m., after which time several hundred individuals continued to protest on the Capitol grounds.

17.     Around 9:00 p.m., several hundred people marched peacefully from the Capitol to the Des Moines Police Department.

18.     Some protesters continued to march, eventually returning to the Capitol around 10:45 p.m.

19.     Around 11:45, p.m., Des Moines Police threw tear gas canisters and flash bangs into the group of protesters.

20.     Mr. Nieters left the Capitol complex prior to the Des Moines Police's deployment of tear gas and flash bangs.

21.     By himself, Mr. Nieters walked West on Locust from the State Historical Building down towards Embassy Suites.

22.     A group of around five police officers walked several yards behind Mr. Nieters.

23.     At no point during his walk from the State Historical Building to Embassy Suites did Mr. Nieters have any interaction with any law enforcement officers.

24.     No law enforcement officer gave any order to Mr. Nieters.

25.    Mr. Nieters reached the Southwest area of Embassy Suite's drop-off driveway.

26.    Mr. Nieters stopped walking and took a few photographs.

27.    Mr. Nieters observed Des Moines Police officers running South on Robert D. Ray Drive, in front of the Des Moines City Hall.

28.    One officer, Defendant Holton, ran directly towards Mr. Nieters.

29.    As Defendant Holton approached, Mr. Nieters placed his hands in the air and stated that he was a journalist.

30.    Mr. Nieters perceived that Defendant Holton was going to run directly into him and so Mr. Nieters turned his back and tried to brace himself.

31.    Mr. Nieters had a camera in his hand and another camera around his neck.

32.    Defendant Holton proceeded to tackle Mr. Nieters.

33.    As he tackled Mr. Nieters, Defendant Holton pepper-sprayed Mr. Nieters directly in the eyes.

34.    Defendant Holton then slammed Mr. Nieters to the ground.

35.    As this happened, Mr. Nieters stated to Defendant Holton that he was not resisting, that he was a journalist, and that he was working.

36.    Mr. Nieters told Defendant Holton that his press card was in his back pocket.

37.    After tackling him to the ground, Defendant Holton took Mr. Nieters' press card from Mr. Nieters' pocket and inspected it.

38.    Despite observing confirmation that Mr. Nieters was working as a photographer, Defendant Holton proceeded to tightly zip-tie Mr. Nieters' hands together behind his back and arrest him.

4

E-FILED 2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

39.   Mr. Nieters was violating no laws.

40.   Mr. Nieters was not being violent or threatening.

41.   There was no probable cause to arrest Mr. Nieters for any crime.

42.   Another media photographer witnessed Mr. Nieter's arrest and recorded the events.

43.   Referring to that witness, Defendant Holton's supervisor, Ryan Armstrong, yelled, "You can arrest that reporter, too!"

44.   Ryan Armstrong then chased the photographer witness away so he could not observe the rest of Mr. Nieter's arrest.

45.   Mr. Nieters suffered burning and severe pain as a result of being slammed to the ground, pepper-sprayed, and zip-tied by Defendant Holton.

46.   Des Moines Police subsequently transported Mr. Nieters to jail.

47.   On June 2, 2020, Des Moines Police Officer Lance Ripperger filed a criminal complaint against Mr. Nieters charging him with Failure to Disperse, in violation of Iowa Code § 723.3.

48.   Des Moines Police Officer Lance Ripperger swore in an affidavit supporting that complaint:

> Defendant was a member of a group (of WELL over three people) that assembled to protest allegations of racism and police brutality. The protests evolved to property damage and obstruction of public roadways, with many of the remaining participants engaging in violent, intimidating and destructive behavior.

> Police officers clearly, loudly and repeatedly instructed all participants to disperse intermittently a total of 5 times over a period of approximately 20 minutes, reading a command to disperse as written in the state code of Iowa.

> Despite those instructions, Defendant willfully stayed among the group that remained. This group was engaging in assaultive conduct, the intimidation

5

of people and destruction of property. Private businesses and public buildings were damaged by breaking windows. Water bottles and other objects were thrown at individuals.

This destruction was open, extensive and obvious, yet the defendant willfully remained among the group of persons responsible for this conduct all of which occurred in the City of Des Moines, Polk County, Iowa. Defendant was within hearing distance of the commands to disperse and failed to leave.

49.    These statements were false.

50.    Mr. Nieters was not near anyone else at the time he was tackled by Defendant Holton.

51.    There was no destruction happening anywhere near Mr. Nieters at the time he was tackled by Defendant Holton.

52.    On June 15, 2020, Defendant Holton authored a report about Mr. Nieters in which he stated: "I gave him a verbal command to get on the ground and he did not comply. Neiters began to run into the driveway of the Embassy Suites."

53.    These statements were false.

54.    On August 13, 2020, an Assistant Polk County Attorney filed a Notice of Intent Not to Prosecute stating the government had "been unable to sufficiently document this defendant's actions for charges to go forward at this time."

55.    Accordingly, the government asked the court to dismiss the criminal charge against Mr. Nieters.

56.    On August 13, 2020, the Polk County District Court granted the government's request and dismissed the criminal charge against Mr. Nieters.

57.    It is well established that it is unconstitutional for law enforcement to use chemical spray when an individual has broken no law and is not threatening anyone. *See Davis v. City of Albia*, 434 F. Supp. 2d 692, 707 (S.D. Iowa 2006).

6

E-FILED  2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

58.    It is clearly established that it is unconstitutional for law enforcement to tackle or beat an individual who is not in flight or resisting arrest. *See Small v. McCrystal*, 708 F.3d 997, 1005 (8th Cir. 2013).

59.    It is clearly established that it is unconstitutional to arrest and charge an individual without probable cause. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 478 (8th Cir. 2010).

60.    It is clearly established that it is unconstitutional for law enforcement to retaliate against a citizen for that citizen's exercise of his First Amendment rights. *Osborne v. Grussing*, 477 F.3d 1002, 1005 (8th Cir. 2007).

61.    It is clearly established that an officer is not excused for violating someone's constitutional rights simply because the officer is following orders. *J.H.H. v. O'Hara*, 878 F.2d 240, 245 n.4 (8th Cir. 1989).

62.    Des Moines Police have a pattern of using excessive force against individuals they believe are affiliated with protests, charging those individuals without probable cause, and targeting members of the media who are attempting to cover the police response to protests.

63.    By these actions, the police intend to punish citizens for their protest activity—an exercise of their First Amendment rights—and to deter future demonstrations.

64.    Des Moines Police officers pepper-sprayed a young woman, Essence Welch, the evening of May 30, 2020. Ms. Welch likewise was not violating any laws or acting in a violent or threatening manner. Ms. Welch was recording law enforcement's activities at a protest.

E-FILED  2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

65.    Des Moines Police officers repeatedly pepper-sprayed and beat another young woman, Denver Foote, in the early morning hours of May 31, 2020. Ms. Foote likewise was not violating any laws or acting in a violent or threatening manner.

66.    Des Moines Police officers pepper-sprayed and tackled a young man, Trent Schwab, in the early morning hours of May 31, 2020. Mr. Schwab likewise was not violating any laws or acting in a violent or threatening manner.

67.    Des Moines Police officers pepper-sprayed and assaulted many other people in the early morning hours of May 31, 2020, people who were not violating any laws or acting in a violent or threatening manner. Several of the people who were pepper-sprayed were cowering from law enforcement at the time they were assaulted.

68.    Des Moines Police officers falsely arrested many individuals on May 31, 2020 and charged them with protest-related crimes that those people did not commit.

69.    Defendant Holton illegally arrested several other individuals on May 31, 2020 and falsely charged them with protest-related crimes, including Cierra Dunn and Trentae Fugate and, upon information and belief, Tony Young, Sophia Jacobsen, Emma Timberlake, and Jaquan Patton.

70.    Des Moines Police officers pepper-sprayed and arrested a Des Moines Register reporter, Andrea Sahouri, who was covering the protests near Merle Hay Mall on May 31, 2020. Ms. Sahouri advised the officers that she was working as a reporter. The officers arrested her, regardless.

71.    Des Moines Police officers pepper-sprayed a Des Moines Register reporter, Katie Akin, who was attempting to comply with commands to disperse on June 1, 2020. Ms. Akin was not in the group with the protesters, but was observing the protests from

yards away. Ms. Akin was holding up her press badge and shouting that she was with the press at the time she was pepper-sprayed.

72.    Mr. Nieters has traveled the world and spent years of his life living and working in countries ruled by authoritarian regimes, but he has never before been arrested and jailed simply for doing his job.

## CAUSES OF ACTION

### COUNT 1
### ILLEGAL SEIZURE
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### VIOLATION OF 4th AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Against Defendant Holton, Individually)

73.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

74.    Defendant Holton violated Plaintiff's clearly established federal constitutional rights by seizing Plaintiff without reasonable suspicion or probable cause to do so and by charging Plaintiff with a crime without probable cause.

75.    Defendant Holton demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

76.    Defendant's actions were willful, wanton, unlawful, and in gross disregard of Mr. Nieters' civil rights, justifying an award of punitive damages.

77.    As a result of Defendant's acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

E-FILED  2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

## COUNT 2
## ILLEGAL SEIZURE
## CIVIL RIGHTS VIOLATION OF ARTICLE I, § 8 OF THE IOWA CONSTITUTION
### (Against Defendant Holton, Individually)

78.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

79.    Defendant Holton violated Plaintiff's clearly established constitutional rights by seizing Plaintiff without reasonable suspicion or probable cause to do so and by charging Plaintiff with a crime without probable cause.

80.    Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

81.    Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

82.    Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendant's violation of his constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

83.    As a result of Defendant's acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

## COUNT 3
## EXCESSIVE FORCE
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
## VIOLATION OF 4th AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Against Defendant Holton, Individually)

84.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

85.     The force used by Defendant Holton was excessive and applied maliciously and sadistically for the purpose of causing harm and not in a good faith effort to achieve a legitimate purpose.

86.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

87.     Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

88.     Defendant's actions were willful, wanton, unlawful, and in gross disregard of Mr. Nieters' civil rights, justifying an award of punitive damages.

89.     As a result of Defendant's acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

**COUNT 4**
**EXCESSIVE FORCE**
**CIVIL RIGHTS VIOLATION OF ARTICLE I, § 8 OF THE IOWA CONSTITUTION**
**(Against Defendant Holton, Individually)**

90.     Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

91.     The force used by Defendant Holton was excessive and applied maliciously and sadistically for the purpose of causing harm and not in a good faith effort to achieve a legitimate purpose.

92.     Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

93.     Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

E-FILED  2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

94.    Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendant's violation of his constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

95.    As a result of Defendant's acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

## COUNT 5
## RETALIATION
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
## VIOLATION OF 1st AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Against Defendant Holton, Individually)

96.    Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

97.    Mr. Nieters was exercising his First Amendment rights.

98.    Media personnel engaged in newsgathering do not present public safety issues. Preventing them from newsgathering during a protest thus does not serve any legitimate government interest.

99.    Defendant violated Mr. Nieters' clearly established federal constitutional rights by tackling him, pepper-spraying him, and arresting him in retaliation for his exercise of his First Amendment rights.

100.    Retaliation was a substantial or motivating factor for Defendant's decision to tackle, pepper-spray, and arrest Mr. Nieters.

101.    Defendant would not have tackled, pepper-sprayed, and arrested Mr. Nieters but for his retaliatory motive.

102.    Similarly situated individuals who were not engaged in the same sort of protected activity as Mr. Nieters were not tackled, pepper-sprayed, and arrested.

103.   Defendant demonstrated a deliberate indifference to and reckless disregard of Mr. Nieters' civil and constitutional rights.

104.   Defendant's actions were willful, wanton, unlawful, and in gross disregard of Mr. Nieters' civil rights, justifying an award of punitive damages.

105.   As a result of Defendant's acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

**COUNT 6**
**RETALIATION**
**CIVIL RIGHTS VIOLATION OF ARTICLE I, § 7 OF THE IOWA CONSTITUTION**
**(Against Defendant Holton, Individually)**

106.   Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

107.   Mr. Nieters was exercising his article I, § 7 rights by assembling with his fellow citizens and engaging in political speech.

108.   Defendant violated Mr. Nieters' clearly established state constitutional rights by shooting him with pepper spray, tackling him, and arresting him in retaliation for his exercise of his article I, § 7 rights.

109.   Retaliation was a substantial or motivating factor for Defendant's decision to shoot Mr. Nieters with pepper spray.

110.   Defendant would not have shot Mr. Nieters with pepper spray, tackled him, or arrested him but for his retaliatory motive.

111.   Similarly situated individuals who were not engaged in the same sort of protected activity as Mr. Nieters were not shot with pepper spray.

112.   Defendant demonstrated a deliberate indifference to and reckless disregard of Mr. Nieters' civil and constitutional rights.

13

113.   Defendant's actions were willful, wanton, unlawful, and in gross disregard of Mr. Nieters' civil rights, justifying an award of punitive damages.

114.   Mr. Nieters hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendant's violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

115.   As a result of Defendant's acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

**COUNT 7**
**DELIBERATELY INDIFFERENT POLICIES, PRACTICES,**
**CUSTOMS, TRAINING AND SUPERVISION**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983**
**VIOLATION OF 1st, 4th, 5th & 14th AMENDMENTS TO**
**THE UNITED STATES CONSTITUTION**
**(Against Defendants Wingert, Individually, and City of Des Moines, Iowa)**

116.   Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

117.   Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Des Moines Police Department for use of pepper spray and use of force, generally.

118.   Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

119.   As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his officers.

120.   Defendants violated Plaintiff's federal constitutional rights by:

   a. permitting City of Des Moines Police officers to violate the constitutional rights of citizens;

14

b. ratifying and approving the unlawful use of force against citizens;

c. failing to enforce and implement policies preventing the unlawful use of force against citizens;

d. tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

e. failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

f. failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

g. failing to take adequate disciplinary measures against City of Des Moines Police officers who violate the civil rights of citizens;

h. failing to train and/or supervise properly Defendant Holton in the constitutional requirements for use of force and the necessity of probable cause for arrest;

i. failing to implement adequate maintenance training and properly focused maintenance training.

63.    Defendants' policies, procedures, customs, and/or practices caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

121.    The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendants' training and supervision was likely to result in the violation of constitutional rights.

122.    Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's constitutional rights and those similarly situated to them.

123.    Defendants' failure to train and supervise Defendant Holton caused the violations of Plaintiffs' constitutional and federal rights as set forth herein and in the other

E-FILED  2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives

124.   As a result of Defendants' acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

### COUNT 8
### DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING AND SUPERVISION CIVIL RIGHTS VIOLATION PURSUANT TO ARTICLE I, §§ 6, 7 & 8 OF THE IOWA CONSTITUTION
### (Against Defendants Wingert, Individually, and City of Des Moines, Iowa)

125.   Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

126.   Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Des Moines Police Department for use of pepper spray and use of force, generally.

127.   Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

128.   As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his officers.

129.   Defendants violated Plaintiff's state constitutional rights by:

   a. permitting City of Des Moines Police officers to violate the constitutional rights of citizens;

   b. ratifying and approving the unlawful use of force against citizens;

   c. failing to enforce and implement policies preventing the unlawful use of force against citizens;

   d. tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

e.  failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

f.  failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

g.  failing to take adequate disciplinary measures against City of Des Moines Police officers who violate the civil rights of citizens;

h.  failing to train and/or supervise properly Defendant Holton in the constitutional requirements for use of force and the necessity of probable cause for arrest;

i.  failing to implement adequate maintenance training and properly focused maintenance training.

130.   Defendants' policies, procedures, customs, and/or practices caused the violations of Plaintiff's constitutional rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

131.   The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendants' training and supervision was likely to result in the violation of constitutional rights.

132.   Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's constitutional rights and those similarly situated to them.

133.   Defendants' failure to train and supervise Defendant Holton caused the violations of Plaintiff's constitutional rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

134.   Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

E-FILED  2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

135.   As a result of Defendants' acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

## COUNT 9
## MALICIOUS PROSECUTION
### (Against Defendant Holton, Individually)

136.   Plaintiff repleads paragraphs 1 through 120 as if fully set forth herein.

137.   Defendant Holton instigated a criminal prosecution against Plaintiff.

138.   The criminal prosecution against Plaintiff was dismissed.

139.   There was no probable cause for the charge against Plaintiff.

140.   Defendant Holton acted with malice in initiating the prosecution against Plaintiff.

141.   As a result of Defendant's acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

## COUNT 10
## FALSE ARREST / IMPRISONMENT
### (Against Defendant Holton, Individually)

142.   Plaintiff repleads paragraphs 1 through 120 as if fully set forth herein.

143.   Defendant Holton detained Plaintiff against his will.

144.   The detention of Plaintiff was unlawful.

145.   As a result of Defendant's acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

## COUNT 11
## ASSAULT AND BATTERY
### (Against Defendant Holton)

146.   Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

E-FILED  2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

147.   Defendant Holton subjected Mr. Nieters to contact of an insulting and provoking nature.

148.   The actions of Defendant Holton were undertaken without the consent of Mr. Nieters.

149.   The intentional acts of Defendant Holton resulted in bodily contact with Mr. Nieters that a reasonable person would deem insulting or offensive.

150.   The actions of Defendant Holton were willful, wanton, unlawful, and in gross disregard of Mr. Nieters' civil rights, justifying an award of punitive damages.

151.   Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendant's behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

152.   As a result of Defendant's acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

### COUNT 12
### LIBEL
### (Against Defendant Holton)

153.   Defendant Holton published a statement falsely stating that Mr. Nieters committed a crime, which resulted in Officer Ripperger filing a criminal charge against Mr. Nieters.

154.   Mr. Nieters committed no crime and there was no probable cause for the charges against Mr. Nieters.

155.   Defendant's statement was libelous per se.

156.   Defendant's false statement injured Mr. Nieters.

157.   As a result of Defendant's acts and omissions, Mr. Nieters has in the past and will in the future suffer injuries and damages.

E-FILED  2020 DEC 23 10:51 AM POLK - CLERK OF DISTRICT COURT

## PRAYER FOR RELIEF

Plaintiff prays for Judgment against the aforementioned Defendants as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

b. Compensation for violation of his constitutional rights, mental anguish, and humiliation;

c. Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

d. Declaratory relief;

e. Injunctive relief;

f. An award of pre-judgment interest;

g. Punitive damages; and

h. Any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

**PARRISH KRUIDENIER DUNN GENTRY**
**BROWN BERGMANN & MESSAMER, L.L.P.**

By: */s/ Gina Messamer*
    Gina Messamer          AT0011823
    2910 Grand Avenue
    Des Moines, Iowa 50312
    Telephone: (515) 284-5737
    Facsimile: (515) 284-1704
    Email: gmessamer@parrishlaw.com
    **ATTORNEY FOR PLAINTIFF**

**Original Filed.**

E-FILED  2021 JAN 11 2:22 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **MARK EDWARD NIETERS,** | **Case No. LACL149435** |
| **Plaintiff,** | |
| **vs.** | |
| **BRANDON HOLTON; DANA WINGERT; CITY OF DES MOINES, IOWA,** | **ORIGINAL NOTICE** |
| **Defendants.** | |

**TO THE ABOVE-NAMED DEFENDANT:    CITY OF DES MOINES, IOWA**

You are notified that a Petition at Law and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action.  A copy of the Petition (and any documents filed with it) is attached to this Original Notice.  Plaintiff's attorney is **Gina Messamer of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer, L.L.P. whose address is 2910 Grand Avenue, Des Moines, Iowa 50312; (515) 284-5737, facsimile (515) 284-1704.**

This Petition was filed on the 23rd day of December, 2020.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING.  FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM.  FOR COURT RULES ON THE PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16.**

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer by using the Iowa Judicial Branch Electronic Filing Interface at https://www.iowacourts.state.ia.us/EFile, judgment will be entered against you upon Respondent's claim together with interest and court costs.

NOTE:  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

E-FILED  2021 JAN 12 2:55 PM POLK - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACL149435

*County* Polk

*Case Title* MARK EDWARDS NIETERS VS BRANDON HOLTON ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942.**)

*Date Issued*  01/12/2021 02:55:02 PM



*District Clerk of* Polk          *County*
/s/ Jennifer Ewers

E-FILED  2021 JAN 11 2:22 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **MARK EDWARD NIETERS,** | **Case No. LACL149435** |
| **Plaintiff,** | |
| **vs.** | |
| **BRANDON HOLTON; DANA WINGERT; CITY OF DES MOINES, IOWA,** | **ORIGINAL NOTICE** |
| **Defendants.** | |

**TO THE ABOVE-NAMED DEFENDANT:   BRANDON HOLTON**

You are notified that a Petition at Law and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action.  A copy of the Petition (and any documents filed with it) is attached to this Original Notice.  Plaintiff's attorney is **Gina Messamer of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer, L.L.P. whose address is 2910 Grand Avenue, Des Moines, Iowa 50312; (515) 284-5737, facsimile (515) 284-1704.**

This Petition was filed on the 23rd day of December, 2020.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING.  FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM.  FOR COURT RULES ON THE PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16.**

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer by using the Iowa Judicial Branch Electronic Filing Interface at https://www.iowacourts.state.ia.us/EFile, judgment will be entered against you upon Respondent's claim together with interest and court costs.

NOTE:  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

E-FILED  2021 JAN 12 2:55 PM POLK - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* **LACL149435**
*County* **Polk**

*Case Title* **MARK EDWARDS NIETERS VS BRANDON HOLTON ET AL**

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**   . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  **01/12/2021 02:55:02 PM**



*District Clerk of* Polk                    *County*
**/s/ Jennifer Ewers**

E-FILED  2021 JAN 11 2:22 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **MARK EDWARD NIETERS,** | **Case No. LACL149435** |
| **Plaintiff,** | |
| **vs.** | |
| **BRANDON HOLTON; DANA WINGERT; CITY OF DES MOINES, IOWA,** | **ORIGINAL NOTICE** |
| **Defendants.** | |

**TO THE ABOVE-NAMED DEFENDANT:   DANA WINGERT**

You are notified that a Petition at Law and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action.  A copy of the Petition (and any documents filed with it) is attached to this Original Notice.  Plaintiff's attorney is **Gina Messamer of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer, L.L.P.** whose address is 2910 Grand Avenue, Des Moines, Iowa 50312; (515) 284-5737, facsimile (515) 284-1704.

This Petition was filed on the 23rd day of December, 2020.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING.  FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM.  FOR COURT RULES ON THE PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16.**

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer by using the Iowa Judicial Branch Electronic Filing Interface at https://www.iowacourts.state.ia.us/EFile, judgment will be entered against you upon Respondent's claim together with interest and court costs.

NOTE:  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

E-FILED  2021 JAN 12 2:55 PM POLK - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACL149435

*County* Polk

*Case Title* MARK EDWARDS NIETERS VS BRANDON HOLTON ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 01/12/2021 02:55:02 PM



*District Clerk of* Polk          *County*

/s/ Jennifer Ewers

ORDINANCE NO. _____

AN ORDINANCE to amend the Municipal Code of the City of Des Moines, Iowa, 2000, adopted by Ordinance No. 13,827, passed June 5, 2000, as heretofore amended, by amending Sections 114-319.03, 114-2358.5, 114-2829, 114-3081, 114-3215, and 114-3708.01, relating to traffic and vehicle regulations.

Be It Ordained by the City Council of the City of Des Moines, Iowa:

Section 1.  That the Municipal Code of the City of Des Moines, Iowa, 2000, adopted by Ordinance No. 13,827, passed June 5, 2000, as heretofore amended, by amending Sections 114-319.03, 114-2358.5, 114-2829, 114-3081, 114-3215, and 114-3708.01, relating to traffic and vehicle regulations, as follows:

### Sec. 114-319.03. Location of four-way stop intersections.

The following intersections are designated as four-way stop intersections. Stop signs shall be installed and maintained at the following intersections, and the driver of a vehicle approaching these intersections from all directions shall stop in accordance with this chapter before entering the intersections:

...

(37b)   Franklin Avenue and Thirty-eighth Street.
(38)    Franklin Avenue and Forty-eighth Street.
(38a)   Franklin Avenue and Fifty-fifth Street.
(38b)   Garfield Avenue and East Twelfth Street.

....

### Sec. 114-2358.5. Village Run Drive.

Village Run Drive, at Brook View Drive, stop.

### Sec. 114-2829. Twenty-fifth Street--Woodland Avenue to Payne Road.

Twenty-fifth Street, on the west side, from Woodland Avenue to a point 40 feet north thereof, no parking any time.

Twenty-fifth Street, on the east side, from Woodland Avenue to a point 65 feet north thereof, no parking any time.

Twenty-fifth Street, on the east side, from Center Street to a point 300 feet north of Rollins Avenue, no parking any time.

Twenty-fifth Street, on the east side, from School Street to a point 120 feet south thereof, and any part of the cul-de-sac, no parking any time.

Twenty-fifth Street, on the west side, from Cottage Grove Avenue to a point 50 feet north of Cottage Grove Avenue, no parking any time.

Twenty-fifth Street, on the east side, from Cottage Grove Avenue to a point 80 feet north thereof, no parking any time.

Twenty-fifth Street, on the east side, from a point 15 feet north of Cottage Grove Avenue to Kingman Boulevard, no parking any time.

Twenty-fifth Street, on the west side, from a point 50 feet north of Cottage Grove Avenue, to a point 185 feet south Forest Avenue, no parking Monday through Saturday.

Twenty-fifth Street, on the west side, from a point 185 feet south of Forest Avenue to a point 135 feet north thereof, bus loading zone.

Twenty-fifth Street, on the east side, from a point 90 feet south of University Avenue to a point 85 feet south thereof, two-hour parking, 9:00 a.m. to 4:00 p.m.

Twenty-fifth Street, on the east side, from a point 50 feet south of University Avenue to a point 40 feet south thereof, commercial loading zone.

Twenty-fifth Street, on the east side, from University Avenue to a point 50 feet south thereof, no parking any time.

Twenty-fifth Street, on the east side, from University Avenue to a point 90 feet north thereof, two-hour parking, 9:00 a.m. to 4:00 p.m.

Twenty-fifth Street, on the east side, from a point 90 feet north of University Avenue to a point 40 feet north thereof, loading zone.

Twenty-fifth Street, on the east side, from a point 130 feet north of University Avenue to a point 560 feet south of Forest Avenue, two-hour parking, 9:00 a.m. to 4:00 p.m.

Twenty-fifth Street, on the east side, from a point 180 feet north of University Avenue to a point 20 feet north thereof, is designated a handicapped parking space and is subject to the same prohibition as is found in section 114-616(a) of this Code.

Twenty-fifth Street, on the east side, from a point 560 feet south of Forest Avenue to a point 140 feet north thereof, no parking any time.

Twenty-fifth Street on the east side, from a point 420 feet south of Forest Avenue to a point 220 feet north thereof, two-hour parking, 9:00 a.m. to 4:00 p.m.

Twenty-fifth Street, on the east side, from Forest Avenue to a point 205 feet south thereof, no parking any time.

Twenty-fifth Street, on the west side, from Sheridan Avenue to Payne Road, no parking any time.

Twenty-fifth Street, on the east side, from Prospect Road (east leg) to a point 50 feet south thereof, no parking any time.

Twenty-fifth Street, on the east side, from Payne Road to a point 50 feet south thereof, no parking any time.

## Sec. 114-3081. Clark Street--Ninth Street to Thirtieth Street.

Clark Street, on the north side, from a point 50 feet east of Thirteenth Street to a point 75 feet west of Thirteenth Street, no parking any time.

Clark Street, on the north side, from Fourteenth Street to a point 50 feet east thereof, no parking any time.

Clark Street, on the north side, from Fourteenth Street to a point 50 feet west thereof, no parking any time.

Clark Street, on the south side, from Ninth Street to Seventeenth Street, no parking any time.

Clark Street, on the north side, from a point 75 feet west of Sixteenth Street to a point 150 feet east of Sixteenth Street, no parking any time.

Clark Street, on the south side, from Seventeenth Street to a point 200 feet west thereof, passenger loading and unloading.

Clark Street, on the south side, from a point 200 feet west of Seventeenth Street to Eighteenth Street, bus loading and unloading.

Clark Street, on the south side, from Eighteenth Street to a point 80 feet west thereof, no parking any time.

Clark Street, on the south side, from a point 80 feet east of Eighteenth Street to a point 190 feet west thereof, bus loading and unloading, 7:00 a.m. to 5:00 p.m., school days.

Clark Street, on the north side, from Eighteenth Street to Nineteenth Street, no stopping or standing, 7:00 a.m. to 5:00 p.m., school days.

Clark Street, on the north side, from Martin Luther King, Jr. Parkway to a point 65 feet west thereof, no parking any time.

Clark Street, on the south side, from a point 50 feet east of Nineteenth Street to Martin Luther King, Jr. Parkway, no parking any time.

Clark Street, on the south side, from Martin Luther King, Jr. Parkway to Twenty-third Street, no parking Monday through Saturday.

Clark Street, on the south side, from Twenty-third Street to Thirtieth Street, no parking any time.

Clark Street, on the north side, from a point 50 feet east of Twenty-third Street to a point 100 feet west of Twenty-third Street, no parking any time.

Clark Street, on the north side, from a point 50 feet east of Twenty-fourth Street to a point 50 feet west of Twenty-fourth Street, no parking any time.

Clark Street, on the north side, from a point 270 feet west of twenty-fourth Street to a point 125 feet west thereof, no parking any time.

Clark Street, on the north side, from a point 495 feet east of Twenty-seventh Street to a point 100 feet west thereof, no parking any time.

Clark Street, on the north side, from Twenty-seventh Street to a point 100 feet east thereof, no parking any time.

Clark Street, on the north side, from Twenty-seventh Street to a point 50 feet west thereof, no parking any time.

Clark Street, on the north side, from Twenty-eighth Street to a point 50 feet east thereof, no parking any time.

Clark Street, on the north side, from Twenty-eighth Street to a point 50 feet west thereof, no parking any time.

Clark Street, on the north side, from Twenty-ninth Street to a point 50 feet east thereof, no parking any time.

Clark Street, on the north side, from Twenty-ninth Street to a point 50 feet west thereof, no parking any time.

**Sec. 114-3215. Franklin Avenue--Thirty-fourth Street to west city limits.**

Franklin Avenue, on both sides, from Thirty-eighth Street to a point 75 feet west and east thereof, no parking any time.

Franklin Avenue, on the north side, from Fortieth Place to a point 85 feet west thereof, no parking any time.

Franklin Avenue, on the south side, from Mar Ella Trail to Merle Hay Road, no parking any time.

Franklin Avenue, on the north side, from a point 50 feet west of Beaver Avenue to a point 120 feet east of Beaver Avenue, no parking any time.

Franklin Avenue, on the north side, from Forty-seventh Street to a point 50 feet west thereof, no parking any time.

Franklin Avenue, on the north side, from Forty-eighth Street to a point 50 feet east thereof, no parking any time.

Franklin Avenue, on the north side, from a point 125 feet east of Forty-ninth Street to a point 50 feet west of Forty-ninth Street, no parking any time.

Franklin Avenue, on the north side, from a point 305 feet west of Forty-ninth Street to a point 195 feet west thereof, no parking any time.

Franklin Avenue, on the north side, from a point 50 feet east of Fiftieth Street to a point 75 feet west of Fiftieth Street, no parking any time.

Franklin Avenue, on the north side, from a point 50 feet east of Fifty-first Street to a point 50 feet west of Fifty-first Street, no parking any time.

Franklin Avenue, on the north side, from a point 50 feet east of Fifty-second Street to a point 50 feet west of Fifty-second Street, no parking any time.

Franklin Avenue, on the north side, from a point 50 feet east of Fifty-third Street to a point 50 feet west of Fifty-third Street, no parking any time.

Franklin Avenue, on the north side, from a point 90 feet east of Fifty-fifth Street to a point 65 feet west of Fifty-fifth Street, no parking any time.

Franklin Avenue, on the north side, from Merklin Way to a point 50 feet west of Merklin Way, no parking any time.

Franklin Avenue, on the north side, from Sixty-first Street to a point 125 feet east thereof, no parking any time.

Franklin Avenue, on the south side, from Sixty-first Street to a point 100 feet east thereof, no parking any time.

Franklin Avenue, on the north side, from Sixty-second street to a point 50 feet east thereof, no parking any time.

Franklin Avenue, on the north side, from Sixty-second Street to Sixty-third Street, no parking any time.

Franklin Avenue, on the south side, from Sixty-second Street to a point 50 feet west thereof, no parking any time.

Franklin Avenue, on the south side, from Sixty-third Street to a point 50 feet east thereof, no parking any time.

**Sec. 114-3708.01.  Village Run Avenue--East Fifty-second Street to east city limits.**

      Village Run Avenue, on the north side, from East Fifty-second Street to the Brook Landing Court, no parking any time.

      Village Run Avenue, on the south side from Brook Landing Court to the dead end east of Brook Landing Court, no parking any time.

      Section 2.  This ordinance shall be in full force and effect from and after its passage and

publication as provided by law.

FORM APPROVED:


_____
Molly Tracy
Assistant City Attorney

E-FILED  2021 JAN 25 4:19 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MARK EDWARD NIETERS, | |
| **Plaintiff,** | **Case No. LACL149435** |
| vs. | |
| BRANDON HOLTON; DANA WINGERT; CITY OF DES MOINES, IOWA, | |
| | **ACCEPTANCE OF SERVICE** |
| **Defendants.** | |

  I, Michelle Mackel-Wiederanders, do hereby accept service of the two Original Notices along with the Petition at Law and Jury Demand filed in the above captioned case on behalf of Brandon Holton and Dana Wingert. By this acceptance, Defendants do not waive their right to assert defenses related to the timing, manner, or method of service in this case, nor its right to remove the matter should a federal question be at issue within the time allowed by the Federal Rules.

*Michelle Mackel-Wiederanders*

_____

City of Des Moines Legal Dept.
400 Robert D. Ray Drive
Des Moines, IA 50309-1891
Telephone: (515) 283-4537
Facsimile: (515) 237-1748
E-Mail: