UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARK EDWARD NIETERS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BRANDON HOLTAN,<br><br>　　　　Defendant. | 4:21-CV-00042-RGE-HCA<br><br><br>ORDER AWARDING IN PART FEES AND COSTS |

　　　　On June 13, 2024, plaintiff filed a motion to compel. ECF No. 86. Defendants filed a response to the motion to compel noting that after the filing of the motion to compel defendant City of Des Moines had supplemented its discovery responses and provided plaintiff with the requested documents. ECF No. 88. Plaintiff set forth a request for an award of $935 in fees in its reply brief. ECF No. 90. The Court deemed the motion to compel as moot given that defendant City of Des Moines had produced the disputed documents. ECF No. 91. The Court reserved plaintiff's request for attorney's fees for a subsequent ruling after the defendants had an opportunity to respond to plaintiff's itemized fee request. *Id.*

　　　　Defendants filed their response to the fee request and asked the Court to deny plaintiff's requested fees in their entirety. ECF No. 95. Plaintiff replied to defendants' arguments on June 25, 2024, and requested another $212.50 in fees. ECF No. 96. In total, plaintiff seeks $1147.50 in fees associated with the motion to compel.

　　　　Federal Rule of Civil Procedure 37(a)(5)(A) states that the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

incurred in making the motion, including attorney's fees," if the requested discovery is provided after the motion was filed. Fed. R. Civ. P. 37(a)(5)(A). That is what happened in this situation. The Court should not order this payment under certain circumstances such as if the "opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." *Id.*

After reviewing the parties' respective positions, the Court **grants in part and denies in part** plaintiff's request for attorney's fees. While both parties' positions have some merit, the Court does not find that defendant City of Des Moines's continued refusal to produce the documents was substantially justified in light of Judge Locher's related decision in *Dunn v. Does 1–20*, 596 F. Supp. 3d 1197, 1201–203 (S.D. Iowa 2022). Rather than simply relying on a 2021 objection, defendant City of Des Moines should have reviewed the requested documents anew in 2024 considering the *Dunn* decision. Further, defendant City of Des Moines could have moved for a protective order regarding the disputed documents so this Court could have determined whether a court order would have been sufficient to allow production of the documents consistent with the language of Iowa Code Section 80F.1(20). On the other hand, plaintiff waited a lengthy period before reasserting its request for the disputed documents. In addition, plaintiff's counsel was in possession of some of the disputed documents, albeit through discovery in another case. Although plaintiff could not have used those documents in the current case given a protective order that existed in the earlier case, plaintiff's counsel could have advised defense counsel of her possession of the document at an earlier stage, perhaps expediting defendant City of Des Moines's production of the records before the filing of the motion to compel.

Accordingly, the Court orders defendant City of Des Moines to pay plaintiff one-half of his requested attorney's fees for a total payment of $573.75. Defendant City of Des Moines shall make this payment to plaintiff's counsel's law firm by no later than **July 12, 2024**.

IT IS SO ORDERED.

DATED July 3, 2024.

_Helen C. Adams_
Helen C. Adams
U.S. Magistrate Judge