IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARK EDWARD NIETERS,<br><br>    Plaintiff,<br>v.<br><br>BRANDON HOLTON,<br><br>    Defendant. | **No. 4:21-cv-00042-RGE-HCA**<br><br>**ORDER RE: MOTIONS IN LIMINE** |

## I.  INTRODUCTION

Plaintiff Mark E. Nieters asserts multiple claims against Defendant Brandon Holtan, including federal law claims for unlawful seizure and excessive force, and state law claims for malicious prosecution, false arrest, assault and battery, and libel. *See* Pet. ¶¶ 73–157, ECF No. 1-1.[1] Trial on Nieters's claims is set to begin on August 19, 2024. Scheduling Order, ECF No. 66. Now before the Court are the parties' motions in limine. Pl.'s Mots. Lim., ECF No. 82; Def.'s Mots. Lim., ECF No. 83. Each party filed a resistance to the other's motions. Def.'s Resist. Pl.'s Mots. Lim., ECF No. 92; Pl.'s Resist. Def.'s Mots. Lim., ECF No. 97. The parties also filed

---

[1] Several claims originally asserted in Nieters's petition have been dismissed. When ruling on the motion for summary judgment filed by Holtan and co-Defendants Dana Wingert and the City of Des Moines, this Court dismissed Counts 7 and 8 of Nieters's complaint. Order Re: Pending Mots. 7, 20, ECF No. 49. Nieters's appeal did not seek reversal of this dismissal. Appellant's Br. and Request Oral Arg. 19, *Nieters v. Holtan*, No. 22-2600 (8th Cir. Sept. 16, 2022), Entry ID: 5198960. Counts 7 and 8 were the only counts asserting claims against Wingert or the City of Des Moines, so these Defendants were dismissed by the Court's order on Defendants' motion for summary judgment. *See* ECF No. 1-1 ¶¶ 73–157; *see* ECF No. 49 at 22–23. This was not altered by Nieters's appeal. *Nieters v. Holtan*, 83 F.4th 1099, 1110 (8th Cir. 2023). Further, the Court's dismissal of Nieters's First Amendment retaliation claim, Count 5, was affirmed on appeal. *Id.*; *see* ECF No. 1-1 ¶¶ 96–105. Last, Nieters has voluntarily dismissed all claims that he asserted directly under the Iowa Constitution, Counts 2, 4, and 6. Pl.'s Partial Voluntary Dismissal, *Nieters v. Holtan*, No. LACL149435 (Iowa Dist. Ct. Polk Cnty. May 15, 2023).

replies in support of their respective motions. Pl.'s Reply Supp. Mots. Lim., ECF No. 104; Def.'s Reply Supp. Mots. Lim., ECF No. 108. On July 2, 2024, the Court held a pretrial conference at which it heard oral argument on the parties' motions in limine. Mins. Entry, ECF No. 109. At that conference, the Court provided an oral ruling on several of the motions in limine. *Id.* The Court memorializes and elaborates these rulings below, first addressing Nieters's motions in limine and then turning to Holtan's motions.

## II.  LEGAL STANDARD

Evidence may be admitted only if it is relevant. Fed. R. Evid. 402. Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may not be admitted when it is barred by rule, statute, or the United States Constitution. Fed. R. Evid. 402. One such rule requires the exclusion of relevant evidence when its probative value is "substantially outweighed" by a risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.  DISCUSSION

### A.  Nieters's Motions in Limine

#### 1.  Extended discussion of nationwide protest

Nieters moves to exclude extended discussion of nationwide protests or riots during the summer of 2020 following the killing of George Floyd. *See* ECF No. 82 at 1–2. Holtan agrees discussion of these nationwide events should be limited but argues Holtan's basic background knowledge that protests were occurring nationwide is relevant to the consideration of probable cause, which is at issue in this case. ECF No. 92 at 1. At oral argument, Nieters agreed basic

context would be relevant. Accordingly, Nieters's motion is granted in part. Basic information about nationwide protests—namely that protests were occurring nationwide and that they were prompted by the killing of George Floyd—will be permitted to the extent it can be established Holtan was aware of such facts, but more extensive discussion will be excluded for lack of substantial probative value and potential for unfair prejudice. *Cf.* Fed. R. Evid. 403. To the extent either party believes evidence, testimony, or discussion presented extends beyond basic background context, he may object at trial.

      **2.**    **Social media comments**

Nieters moves to exclude evidence of comments made on social media about Holtan's arrest of Nieters. ECF No. 82 at 2. Holtan does not object. ECF No. 92 at 2. This motion is granted. *Cf.* Fed. R. Evid. 401, 403.

      **3.**    **Evidence of any actions taken by protesters about which Holtan was unaware at the time he arrested Nieters**

Nieters moves to exclude evidence regarding actions of protesters that occurred prior to Nieters's arrest on the night of his arrest and about which Holtan was not aware at the time of Nieters's arrest. ECF No. 82 at 2. Nieters argues facts about which Holtan was not aware lack relevance. *Id.* Holtan argues facts concerning the presence of Nieters and protesters at or near the Iowa Capitol building at the time dispersal orders were given are relevant whether or not Holtan was aware because the actions of other protesters are relevant to the rebuttal of a "rosy picture" as the context of Nieters's arrest and Nieters's failure to disperse is relevant to his libel claim, which alleges Holtan falsely claimed Nieters participated in an unlawful assembly. *Cf.* ECF No. 92 at 2.

At oral argument, counsel for Nieters clarified this motion did not seek to exclude evidence of Nieters's presence at or near the Capitol at the time the dispersal order was issued, nor evidence of his route throughout the night. Rather, Nieters clarified the only event not observed by Holtan

3

and that Nieters seeks to exclude is Nieters's observation of a skirmish between an undercover officer and protesters. *See* ECF No. 104 at 3; ECF 82 at 3. In briefing and at oral argument, Holtan maintained that Nieters's presence during this event, even if not observed by Holtan, is relevant to Nieters's libel claim. *See* ECF No. 92 at 2. Holtan argues Nieters's proximity to violent crime on the night of the protest indicates reluctance to disperse from a site while illegal activity was occurring. *See id.* He suggests such indication is relevant to Holtan's libel defense, which argues Holtan's statement that Nieters resisted law enforcement orders was not false. *See id.*; *cf.* ECF No. 104 at 1–2.

As stated at oral argument, the Court denies this motion. For the reasons stated by Holtan, Nieters's proximity to the conflict between the undercover officer and the protesters bears some relevance to Holtan's defense to Nieters's libel claim. Further, as Holtan notes in his motions in limine, Nieters alleges he suffered emotional distress due to Holtan's actions. *See* ECF No. 1-1 at 20 (requesting compensatory damages for "mental anguish"). Nieters's proximity to violent action prior to his arrest by Holtan is relevant to the issue of the extent to which his alleged emotional distress was caused by Holtan as opposed to proximity to other violent acts on the night of his arrest. The probative value of evidence on this issue is not substantially outweighed by risk of unfair prejudice or confusion of the issues. *Cf.* Fed. R. Evid. 403.

    **4. Evidence of bad acts of protesters**

Nieters seeks to bar video evidence showing individuals other than Nieters committing vandalism or assaults on officers during the night of Nieters's arrest in the vicinity of the arrest. ECF No. 82 at 2. Nieters argues this evidence would confuse the issues and create an unfair prejudice against him. *Id.* Nieters further argues, more broadly, that video evidence of other individuals breaking the law would confuse the issues and create unfair prejudice against Nieters.

*Id.* Holtan responds that evidence of the other individuals' law-breaking during the night of Nieters's arrest is relevant and has high probative value because Holtan was aware of violence at the Capitol, dispersal orders issued there, and the use of tear gas there prior to Nieters's arrest. ECF No. 92 at 3. At oral argument on this motion, counsel for Nieters conceded there was no video evidence of other individuals committing vandalism or assaults on officers. She indicated Nieters's position was that this aspect of the motion in limine was moot. The only video Nieters still seeks to exclude under this motion is video that officers arrested other individuals around the time of Nieters's arrest. The Court has reviewed bodycam footage depicting Nieters's arrest and the arrest of four other individuals—as well as footage of a photographer who is told to disperse by an officer—within two minutes of Nieters's arrest. This evidence has high probative value in depicting the circumstances of Nieters's arrest. It also has limited risk of confusing the issues or causing unfair prejudice to Nieters—and these do not substantially outweigh the probative value of the evidence. For these reasons, and because all other aspects of the motion are moot, this motion is denied. *Cf.* Fed. R. Evid. 403.

### 5. Nieters's political opinions

Nieters moves to exclude any evidence of his political opinions as irrelevant. ECF No. 82 at 2. Holtan does not object. ECF No. 92 at 3. This motion is granted. *Cf.* Fed. R. Evid. 401.

### 6. Evidence Nieters observed protesters assaulting an undercover police officer

Nieters moves to exclude evidence he photographed conflict between an undercover officer and protesters prior to his arrest. ECF No. 82 at 3. For the reasons discussed in connection with Nieters's third motion in limine, this motion is also denied.

### 7. Evidence of Nieters's finances

Nieters moves to exclude evidence of how he financed travel he discussed during his

deposition. ECF No. 82 at 3. Nieters argues such evidence is irrelevant. *Id.* Holtan does not object. ECF No. 92 at 3. This motion is granted. *Cf.* Fed. R. Evid. 401.

### 8. Evidence of settlement offers or demands

Nieters moves to exclude evidence of any offers to settle his claims. ECF No. 82 at 3. He also moves to exclude any argument that he made settlement demands for larger amounts than what he, in fact, hoped to be awarded. *See id.* Holtan does not object. ECF No. 92 at 4. This motion is granted. *Cf.* Fed. R. Evid. 408(a).

### 9. Potential impact of a judgement on Des Moines's budget

Nieters moves to exclude any evidence, testimony, argument, reference, or suggestion indicating a detrimental effect on the City of Des Moines's financing, budget, insurance rates or premiums, or police practices or procedures has been caused by Nieters's claims or lawsuit or would be caused by a judgment in his favor. ECF No. 82 at 4. Holtan does not object. ECF No. 92 at 4. This motion is granted. *Cf.* Fed. R. Evid. 401, 403.

### 10. Taxpayer responsibility for judgment

Nieters moves to exclude any argument or implication that taxpayers would ultimately be responsible for a judgment in Nieters's favor. ECF No. 82 at 4. Holtan does not object. ECF No. 92 at 4. This motion is granted. *Cf.* Fed. R. Evid. 401, 403.

### 11. Evidence of Nieters's "bad acts" unrelated to his arrest

Nieters moves to exclude any evidence of Nieters "behavior, misconduct, or bad acts" unrelated to his arrest, arguing such evidence lacks relevance. ECF No. 82 at 4. Holtan does not object. ECF No. 92 at 4. This motion is granted. *Cf.* Fed. R. Evid. 401.

### 12. Nature and extent of Nieters's injuries resulting from arrest

Nieters moves to exclude Holtan, Dana Wingert, and representatives of the City of Des

6

Moines from offering testimony on the nature and extent of the injuries Nieters experienced when he was arrested by Holtan. ECF No. 82 at 5 (citing Fed. R. Evid. 104, 602, 701, and 702). Holtan does not object. ECF No. 92 at 4. This motion is granted for the reasons set forth by Nieters.

### 13. Apologies during trial

Nieters moves to exclude any argument or suggestion that Holtan, Wingert, or the City of Des Moines "feels sorry for their unconstitutional actions." ECF No. 82 at 5. Holtan does not object. ECF No. 92 at 4. This motion is granted. *Cf.* Fed. R. Evid. 401, 403.

### 14. Expert testimony by Anthony DiCara

Nieters seeks to exclude aspects of the testimony anticipated from Holtan's expert witness Anthony DiCara. ECF No. 82 at 4–5. The parties agree DiCara should be barred from testifying to whether, under the applicable law, Holtan had probable cause to arrest Nieters or whether Nieters used excessive force. ECF No. 92 at 4. The parties also agree DiCara should be barred from testifying on nationwide events and from opining on why crowds turn violent. *Id.* at 5. At oral argument, the parties represented they are in substantial agreement about the scope of DiCara's testimony permitted under law and agree to abide by the statement of the law as applied to DiCara's expert report in a case in which the parties are represented by the same attorneys and in which Holtan is also a defendant. *See* Order Re: Mot. Exclude Expert Testimony, *Foote v. Holtan*, No. 4:21-cv-00043-SBJ (S.D. Iowa May 10, 2024), ECF No. 75. The Court grants Nieters motion in part, consistent with the aspects to which Holtan agrees. The Court further clarifies, however, that DiCara is not barred—beyond the limitations discussed above—from testifying to the facts on which his opinion relies as long as any such testimony is consistent with Federal Rule of Evidence 703.

### B.   Holtan's Motions in Limine

#### 1.   Settlement offers

Holtan moves to exclude any evidence of settlement offers. ECF No. 83 at 2. Nieters does not object. ECF No. 92 at 1. This motion is granted. *Cf.* Fed. R. Evid. 408.

#### 2.   Evidence of Holtan's prior bad acts

Holtan seeks to exclude evidence he committed uncharged illegal conduct or other "bad acts" prior to his arrest of Nieters. ECF No. 83 at 2–4 (citing Fed. R. Evid. 404(b)). Nieters resists, arguing evidence of Holtan's actions towards five other individuals is admissible. ECF No. 97 at 1–8. Nieters first argues evidence concerning Holtan's use of excessive force while arresting Denver Foote during protests two nights before Nieters's arrest is admissible as evidence of Holtan's intent and motive while arresting Holtan. *Id.* at 1–5. Nieters further argues this evidence concerning Holtan's arrest of Foote and additional evidence concerning Holtan's treatment of four other people, Michael Klingenberg, Joshua Petefish, Jayvione Lewis, and Cierra Dunn, is admissible to show a pattern of wrongful conduct relevant to punitive damages. *Id.* at 5–7. Nieters seeks to elicit testimony from Foote, Klingenberg, and Petefish on their interactions with Holtan. *Id.* at 8. Nieters seeks to elicit testimony about Holtan's interactions with Lewis and Dunn from Holtan. *Id.*

Rule 404(b) permits evidence of a "crime, wrong, or other act" under certain circumstances. Fed. R. Evid. 404(b). "Rule 404(b) is a rule of inclusion that permits evidence . . . to show a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *United States v. Monds*, 945 F.3d 1049, 1052 (8th Cir. 2019) (internal quotation marks and citation omitted).

> The evidence must be (1) relevant to a material issue raised at trial, (2) similar in kind and not overly remote in time to the [claims] charged, (3) supported by

8

sufficient evidence to support a jury finding that the defendant committed the other act, and (4) of probative value not substantially outweighed by its prejudicial effect.

*Id.* The Court applies this test to the evidence raised by Nieters on Holtan's actions towards Foote, Klingenberg, Petefish, Lewis, and Dunn.

      a.      Foote

Nieters seeks to admit evidence of Holtan's use of force against Foote, his arrest of Foote, and his false statement that Foote was resisting or running away to evade arrest. ECF No. 97 at 2. Nieters argues this evidence is admissible under Rule 404(b) to prove the intent and motive elements raised, respectively, by his claims of malicious prosecution and battery. *Id.* at 3. He argues the evidence relates to motive and intent because it rebuts Holtan's claim that he used force to arrest Nieters only because Nieters was attempting to flee. *Id.* Nieters further argues any prejudicial impact of the evidence is outweighed by its probative value because Holtan's arrest of Foote was similar in kind and close in time to his arrest of Nieters. *Id.* at 4–5. Holtan resists, arguing Nieters improperly offers evidence of Holtan's arrest of Foote as propensity evidence in violation of Rule 404(b). ECF No. 108 at 1. Holtan further argues Nieters's reliance on the Eighth Circuit opinion in *United States v. Boone* is misplaced because Nieters reads the case too broadly. *Id.* at 1–2 (discussing *United States v. Boone*, 828 F.3d 705 (8th Cir. 2016)).

Contrary to the position advocated by Holtan, the Court finds *Boone* squarely on point. In *Boone*, Officer Colin Boone was criminally charged with depriving an arrestee of the right to be free from the use of unreasonable force by a law enforcement officer. *Boone*, 828 F.3d at 709. At trial on this charge, Boone put his intent at issue by arguing his use of excessive force was accidental—he testified he thought he had kicked the arrestee on the arm or upper shoulder, whereas he had kicked the arrestee in the face. *See id.* at 709–10, 711. The Eighth Circuit found evidence Boone assaulted a woman he held in custody by grabbing her arm and lifting her

9

upward while she was in a room designated for people arrested for operating while intoxicated was relevant to Boone's intent as to use of force. *Id.* at 711. The Eighth Circuit also found evidence Boone wrote an incomplete use-of-force report after the incident was relevant to his intent. *See id.* at 711–12.

In this case, Nieters's malicious prosecution and battery claims put Holtan's intent and motive in using force while arresting Nieters squarely at issue. Like in *Boone*, Nieters seeks to offer evidence Holtan previously used excessive force during an arrest and subsequently misrepresented his use of force in a report on the incident. Such evidence would be material to Holtan's intent while arresting Nieters. *Cf. id.* at 711–12. This satisfies the first *Monds* factor under Rule 404(b). *Monds*, 945 F.3d at 1052. The second and fourth factors are also satisfied because Holtan's arrest of Foote was only two days prior and highly similar in circumstances to Holtan's arrest of Nieters. This similarity indicates significant probative value not substantially outweighed by prejudicial effect. *Cf. Boone*, 828 F.3d at 712.

What remains unclear is whether Nieters will have, at the time of trial, sufficient evidence to support a jury's conclusion that Holtan used excessive force and misrepresented his reason for using that force during and after Foote's arrest. Foote has brought suit in this district against Holtan and a second officer, Adam Herman, asserting several claims including illegal seizure and use of excessive force. *See Foote v. Doe 1*, 679 F. Supp. 3d 775, 794, 811 (S.D. Iowa 2023). Chief Magistrate Judge Stephen B. Jackson Jr. denied the defendants' motion for summary judgment as to these claims, *id.* at 811, and they will proceed to trial later this month, starting July 29, 2024, Text Order, *Foote v. Doe 1*, No. 4:21-cv-00043-SBJ (S.D. Iowa Feb. 15, 2024), ECF No. 72. Because the jury's treatment of the evidence of Foote's arrest may inform this Court's treatment of the same or similar evidence offered here, the Court withholds ruling on the aspects of Holtan's

second motion in limine concerning evidence of Foote's arrest until the jury returns a verdict in her trial.

                              b.        Klingenberg, Petefish, Lewis, and Dunn

Nieters seeks to admit the above-discussed evidence of Holtan's arrest of Foote, as well as evidence of Holtan's treatment of four other individuals, as evidence that punitive damages are merited. ECF No. 97 at 5–8.

First, as to Klingenberg, Nieters intends to call him to testify Holtan directed another officer to arrest Klingenberg without cause five minutes before arresting Foote. ECF No. 97 at 5. Nieters also suggests he will offer evidence Holtan failed to turn on his body camera and failed to write a report about his involvement in Klingenberg's arrest. Nieters notes that in a separate proceeding in this district, Judge Stephen Locher denied qualified immunity to Holtan on Klingenberg's illegal arrest claim. *Id. See Dunn v. Doe 1–22*, 670 F. Supp. 3d 735, 800–02 (S.D. Iowa 2023) (viewing the facts in Klingenberg's favor, finding Klingenberg was arrested without probable cause).

Second, as to Petefish, Nieters intends to call him to testify that Holtan was present when Petefish was pepper-sprayed and taken to the ground ten minutes after Foote's arrest. ECF No. 97 at 6. Nieters argues that due to video evidence showing Holtan's presence and due to Peterfish's expected testimony, a jury could conclude Holtan was involved in pepper-spraying and arresting Petefish. *Id.* Nieters also notes Judge Locher recognized the facts viewed in the light most favorable to Petefish, indicate he was arrested without probable cause. *Id.*; *see Dunn*, 670 F. Supp. 3d at 815.

Third, as to Lewis, Nieters intends to present evidence Holtan arrested Lewis 50 minutes prior to arresting Foote and that he did not turn on his body camera during this arrest. *Id.* at 6. He

further notes Judge Locher granted summary judgment in favor of Lewis on his illegal arrest claim against Holtan. *Id.*; *see Dunn*, 670 F. Supp. 3d at 836 (granting summary judgment against Holtan among other defendants for arresting Lewis without probable cause).

Last, as to Dunn, Nieters intends to offer evidence Holtan illegally searched Dunn's vehicle one hour and fifteen minutes prior to arresting Foote. ECF No. 97 at 6–7. The primary evidence raised is the ruling of a Iowa State District Court judge finding Nieters's search was illegal. *Id.* at 7. As argued in his brief and clarified at oral argument, Nieters seeks to present this evidence as showing a pattern of conduct reflective of indifference to the constitutional rights of the individuals he engaged while serving as a law enforcement officer. *See id.* at 7. Such a pattern of conduct, she argues, is relevant to the assessment of punitive damages. *Id.*

Punitive damages may be awarded as a remedy for Nieters's claims of constitutional violations on a showing that Holtan's conduct was "motivated by evil motive or intent, or [that] it involve[d] reckless or callous indifference to the federally protected rights of others." *Fletcher v. Tomlinson*, 895 F.3d 1010, 1024 (8th Cir. 2018). More generally, claims for punitive damages are appropriate if the jury finds the defendant's conduct was "maliciously or recklessly indifferent" to the plaintiff's rights. *See* Eighth Circuit Manual of Model Jury Instr. 4.72. Further, if punitive damages are merited, the amount that should be assessed may be determined in part by the issue of whether the defendant is a "recidivist." *Minten v. Weber*, No. C11–4004–MWB, 2012 WL 7861462, at *9 (N.D. Iowa Jan. 26, 2012) ("An incident that is recidivistic can be punished more harshly than an isolated incident." (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422–23 (2003))).

Evidence that Holtan was repeatedly involved in improper arrests during the night Nieters was arrested and the two nights prior—including arrests without probable cause and arrests

involving excessive force—is relevant to the issue of whether Holtan acted with callous indifference to the constitutional and common law rights against improper arrest of those he engaged during those three nights. *Cf. Fletcher*, 895 F.3d at 1024. Whether Holtan repeatedly violated such rights during these engagements is also relevant to the amount of punitive damages that should be assessed, if they should be. *Cf. Minten*, 2012 WL 7861462, at *9. Accordingly, in connection with the first *Monds* factor, the Court finds relevant to these material issues 1) evidence suggesting Holtan used excessive force in arresting Foote; and 2) evidence suggesting Holtan arrested or contributed to the arrest of Klingenberg, Petefish, and Lewis without probable cause. Further, evidence that Holtan failed to document these arrests in violation of standard policy—for example, by turning off his body camera or failing to write an arrest report—is also relevant to malicious intent during these engagements. In contrast, evidence Holtan illegally searched Dunn's vehicle lacks relevance to the material issues, as its relation to Holtan's state of mind during Nieters's arrest is too attenuated. *Cf. Monds*, 945 F.3d at 1052. For this reason, evidence concerning Dunn shall be excluded. *Cf.* Fed. R. Evid. 404(b). As to the second and fourth factors, the similarity in circumstances of the evidence concerning Foote, Klingenberg, Petefish, and Lewis, again weighs in favor of admission, as the events were near in time, similar in kind, and within the context of the same protests as the arrest of Nieters. *Cf. id.*

As for Foote's testimony, discussed above in connection with compensatory damages, the primary concern of the Court is the third *Monds* factor—whether there is sufficient evidence to support a jury finding that the defendant committed the other acts. *Cf. id.* The Court is also concerned evidence of these prior acts could create a mini-trial that would waste time and confuse the issues. *Cf.* Fed. R. Evid. 403. This is not a concern for the evidence concerning Lewis, as Judge Locher's grant of summary judgment in Lewis's favor indicates Holtan's prior bad acts in

connection with Lewis can be presented concisely via Judge Locher's holding. In contrast, the circumstantial evidence Holtan was involved in the arrest of Petefish indicates the amount of time required and the complexity of the factual issues involved—creating a heightened risk of confusion—substantially outweigh the probative value of the evidence. For this reason, evidence concerning Petefish is excluded. *Cf.* Fed. R. Evid. 403. As for the evidence of Holtan's involvement in the alleged illegal arrest of Klingenberg, this evidence will be admitted on a showing from Nieters of the nature of the testimony from Klingenberg that is anticipated. This will allow the Court to determine whether there is sufficient evidence for a jury to find Holtan was involved in arresting Klingenberg without probable cause, *Monds*, 945 F.3d at 1052, and it will further enable the Court to ensure that such evidence can be concisely presented, *cf.* Fed. R. Evid. 403. Last, the Court again withholds ruling on the use of evidence concerning Foote in connection with punitive damages until a jury returns a verdict in her trial.

To the extent set forth above, the Court grants this motion in part, denies in part, and withholds ruling in part.

### 3. Holtan's disciplinary record

Holtan seeks to exclude his disciplinary record as unduly prejudicial and prior bad acts evidence offered for an improper purpose. ECF No. 83 at 4. Nieters resists, but only as to disciplinary records contained in the internal affairs investigation of complaints against Holtan. ECF No. 97 at 8. Nieters argues this evidence is relevant and admissible. *Id.* Upon review of these records, the Court finds the 88-page internal investigation personnel records, with the exception of pages 35 to 37, document the Des Moines Police Department's investigation of complaints filed with the department by Nieters against Holtan concerning the same events that give rise to his lawsuit. *See generally*, Def.'s Mot. Protective Order ¶ 5, ECF No. 93 (referencing Nieters's

position that pages 35 to 37 "reference other disciplinary complaints"). Insofar as these records concern the same underlying events, they do not constitute prior bad acts under Federal Rule of Evidence 404; rather, they are evidence of the alleged acts that give rise to Nieters's claims. *Cf.* Fed. R. Evid. 404(b) (discussing prohibited uses of evidence of "any *other* crime, wrong, or act" (emphasis added)). Moreover, evidence of such acts has significant probative value and do not pose much risk of unfair prejudice or confusion of the issues. *Cf.* Fed. R. Evid. 403. This evidence is excluded. Per Nieters's concession, other disciplinary records, including pages 35 to 37, are excluded. Accordingly, this motion is granted in part.

### 4. Complaints, lawsuits, claims, or allegations of improper conduct involving pepper spray deployment, crowd control, or other use of force by other Des Moines police officers

Holtan seeks to exclude references to claims of improper conduct by Des Moines police officers other than him, arguing such references will confuse the issues and create unfair prejudice. ECF No. 83 at 5. Nieters resists in part as to officers who worked alongside Holtan and who may be "discussed incidentally to discussing Holtan's own misdeeds." ECF No. 97 at 8. Nieters represents he does not intend to present claims against the City of Des Moines or to discuss lawsuits against other officers. *Id.* At oral argument, Nieters explained that the only specific issue motivating his resistance is that videos presented at trial may show arrests of other people around Nieters by other officers and Nieters may offer testimony on his observation of those arrests. Insofar as Nieters seeks to offer video or his own testimony about arrests of other people by other officers in Nieters's presence, such evidence is relevant to the circumstances of Nieters's arrest, his libel claim, and damages. *Cf. supra* Sections III.A.3, III.A.4. The probative value of this evidence is not substantially outweighed by the risk of confusing the issues or unfair prejudice; otherwise, references to improper conduct by other officers shall be excluded. *Cf.* Fed. R.

Evid. 403. This motion is granted in part.

### 5. Performance reviews of Holtan

Holtan seeks to exclude Holtan's performance reviews. ECF No. 83 (citing Fed. R. Evid. 403, 404(b)). Nieters does not object. ECF No. 97 at 8. This motion is granted. *Cf.* Fed. R. Evid. 403.

### 6. Out of court statements by Nieters's medical providers

Holtan seeks to exclude any out-of-court statements of any medical provider not provided in a document. ECF No. 83 at 6. Nieters does not object. ECF No. 97 at 8. The motion is granted. *Cf.* Fed. R. Evid. 801, 802.

### 7. Evidence of Nieters's good character

Holtan seeks to exclude evidence or testimony offered to provide opinions on Nieters's character, integrity, or honesty insofar as such evidence is impermissible under Federal Rule of Evidence 404(b) and not subject to an exception under Rules 405, 607, 608, or 609. ECF No. 83 at 6. Nieters does not object and states he will obey the rules of evidence in presenting character evidence. ECF No. 97 at 8. The Court expects the parties to obey the rules of evidence; insofar as the motion simply asks the Court to exclude character evidence inconsistent with these rules, the motion is granted.

### 8. Medical documents or other medical evidence not previously disclosed

Holtan seeks to exclude any reference to medical documents not provided prior to close of discovery. ECF No. 83 at 6. Nieters does not object. ECF No. 97 at 8. This motion is granted. *Cf.* Fed. R. Evid. 403.

### 9. Injuries or damages not previously disclosed by Nieters

Holtan seeks to exclude any reference to claims for damages Nieters has not identified

in his answers to interrogatories, through discovery responses, or through his deposition. ECF No. 83 at 7. Nieters does not object. ECF No. 97 at 9. This is motion is granted. *Cf.* Fed. R. Evid. 403.

### 10. Reference to financial disparity between parties or funding sources for award of damages

Holtan seeks to exclude any suggestion that the City of Des Moines will indemnify Holtan for either compensatory damages or punitive damages. ECF No. 83 at 7–9. As to punitive damages, Holtan argues the suggestion that Des Moines would indemnify Holtan for these damages is pure speculation because, unlike for compensatory damages, state law does not require the City to indemnify Holtan for punitive damages. *Id.* at 8–9 (citing Iowa Code § 670.12). Nieters resists in part, arguing the likelihood of indemnification by the City is relevant to punitive damages because one factor to be considered in assessing punitive damages is Holtan's financial condition. ECF No. 97 at 9–11. At oral argument, Nieters clarified his only point of resistance is that information about the City's indemnification of Holtan should be admitted during the punitive damages phase of trial. Nieters admitted, however, that his only foundation for claiming Holtan will be indemnified for punitive damages is past experience of such indemnification in a prior case litigating against attorneys for the City of Des Moines.

Iowa Code § 670.12 states, "[a]ll officers and employees of municipalities are not personally liable for claims which are exempted under section 670.4, except claims for punitive damages . . . ." If Holtan is found liable for claims within the scope of this statute, the jury may be informed during the punitive damages phase of trial that the City will indemnify Holtan for the compensatory damages determined. This is consistent with the relevance of Holtan's financial condition to the assessment of punitive damages. Eighth Circuit Manual of Model Jury Instr. 4.72. Further, the jury may be informed of the text of this statute and its express exception for punitive

damages. The jury may not, however, be informed that the City will indemnify Holtan for punitive damages unless Nieters presents evidence demonstrating that this will occur in this case. *Cf.* Fed. R. Evid. 104. This motion is granted in part.

### 11. Reference to race as motivation for use of force

Holtan seeks to exclude any evidence, argument, or reference suggesting "institutional racism" or otherwise suggesting race or race discrimination motivated Holtan's use of force. ECF No. 83 at 9. Nieters does not object. ECF No. 97 at 11. This motion is granted. *Cf.* Fed. R. Evid. 403.

### 12. Opinion testimony from anyone not designated as an expert

Holtan seeks to exclude any lay witness from opining on the level of force that is "acceptable" or within "industry standards." ECF No. 83 at 9. Holtan further seeks to exclude any lay witness from opining on the rightness or legality of the actions of protesters engaged in civil unrest in Des Moines between May 30, 2020 and June 2, 2020. *Id.* at 9. Holtan also seeks to exclude any testimony on the killing of George Floyd beyond acknowledgment that unrest in Des Moines was related to his killing. *Id.* Last, Holtan seeks to exclude any sworn out-of-court statements that are inadmissible hearsay. *Id.* at 10. Nieters does not object to these requests. ECF No. 97 at 11. This motion is granted.

### 13. Testimony related to Nieters's criminal case

Holtan seeks to exclude any testimony, questions, or comments as to why Polk County dismissed criminal charges against Nieters. ECF No. 83 at 10.[2] Nieters argues this motion should be denied because the jury can infer that charges were dropped due to a lack of evidence in support.

---

[2] At oral argument counsel for Holtan clarified the reference to "Foote" in the motion in limine is a typo and should refer to Nieters. *See* ECF No. 83 at 10.

ECF No. 97 at 11. At oral argument, counsel for Nieters clarifies she sought to suggest that inference during closing argument. At oral argument, the Court instructed counsel that closing argument must be limited to discussion of evidence that was admitted into the record. Further, contrary to Nieters's argument in his resistance, he may not testify at trial as to why Polk County dropped charges against him because he lacks foundation for such knowledge—counsel conceded as much at oral argument. *See* Fed. R. Evid. 602. This motion is granted.

### 14. Edited video of Nieters's arrest

Holtan seeks to exclude the edited version of the bodycam video footage depicting Nieters's arrest. ECF No. 93 at 11–13. Holtan objects to all modifications to the original footage added through editing, namely modifications pausing the original footage, zooming in on the original footage, slowing the original footage, or adding an arrow to the original footage. *Id.* Holtan argues such modifications of the video footage would mislead the jury. *Id.* at 13. Nieters resists, arguing these modifications are simply helpful to the jury and that Holtan's concerns go to weight. ECF No. 97 at 12–13. Following oral argument on this motion, Nieters submitted a newly modified edit of the original bodycam video including only a zoomed-in portion of the original footage and no other edits. Given Holtan does not object to the authenticity of the original video, Jt. Proposed Final Pretrial Order 5, ECF No. 115, the Court finds this limited modification including only a zooming effect does not raise any issue of authenticity, *see* Fed. R. Evid. 901. The modification is similar in kind to presenting the original video on a larger screen. The Court further concludes this limited modification poses no risk of misleading the jury. In light of the limitation on modifications now conceded by Nieters, this motion is denied.

### 15. References to punitive damages

In Holtan's motions in limine, Holtan sought to exclude any reference to punitive damages

19

prior to a ruling by the Court that the evidence presented supports such a claim. ECF No. 83 at 14. At oral argument, the Court clarified, in response to a question from Nieters's counsel, that in light of the bifurcation of trial isolating a phase on punitive damages, no reference to punitive damages would be permitted prior to the jury returning a verdict on liability and compensatory damages. *See generally*, Order Bifurcating Tr., ECF No. 94. Further, in light of this ruling and in light of the order bifurcating trial, Holtan concedes that this motion should be denied as moot. The motion is denied as moot.

### 16. Additional argument on admissible evidence

Holtan offered additional argument not advancing a request for the exclusion of evidence but instead supporting the admission of evidence. *See* ECF No. 83 at 14. The Court has considered and weighed these arguments as appropriate in connection with pertinent motions in limine.

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiff Mark Edward Nieters's Motion in Limine, ECF No. 82, is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant Brandon Holtan's Motion in Limine, ECF No. 83, is **GRANTED IN PART**, **DENIED IN PART,** and **RULING IS WITHELD IN PART.**

**IT IS SO ORDERED.**

Dated this 15th day of July, 2024.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE